■ Rosemary Callea, Respondent-Appellant, v Hartford Insurance Company of Connecticut et al., Respondents, and Michael Boyle, Doing Business as Michael Boyle Insurance Agency, Appellant-Respondent, et al., Defendant. [789 NYS2d 356]—

Appeal and cross appeal from a judgment (denominated order) of the Supreme Court, Erie County (Donna M. Siwek, J.), entered February 5, 2004. The judgment denied plaintiff's motion for summary judgment, denied the cross motion of defendant Michael Boyle, doing business as Michael Boyle Insurance Agency, for summary judgment, granted the cross motion of defendants Hartford Insurance Company of Connecticut and Twin City Fire Insurance Company for summary judgment and declared that there was no insurance policy in effect between plaintiff and defendant Twin City Fire Insurance Company at the time of the accident on October 15, 1999.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting that part of the motion seeking summary judgment on negligence against defendant Michael Boyle, doing business as Michael Boyle Insurance Agency, and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, a judgment declaring that she is entitled to defense and indemnification from defendants under her policy of homeowner's insurance. It is not disputed that plaintiff purchased a homeowner's insurance policy through her insurance agent, defendant Michael Boyle, doing business as Michael Boyle Insur-

ance Agency (Boyle), when Boyle was an insurance agent for Nationwide Mutual Insurance Company (Nationwide). In 1999, Boyle became affiliated with Consolidated Insurance Agency (Consolidated), an independent insurance agent with binding authority on behalf of defendants Hartford Insurance Company of Connecticut and Twin City Fire Insurance Company (Hartford). Upon Boyle's affiliation with Consolidated, Hartford agreed to roll over any of Boyle's existing Nationwide policies to Hartford policies. Plaintiff's Nationwide policy expired October 10, 1999, and plaintiff agreed to replace it with a Hartford policy, which was to be effective October 10, 1999. Anne Boyle, an employee of Boyle, however, mistakenly wrote that the effective date of the Hartford policy was to be October 19, 1999 when the requisite information was sent to Hartford for a replacement policy. On October 15, 1999, an accident occurred on plaintiff's property. Hartford disclaimed coverage on the ground that its policy with plaintiff was not in force on the date of the loss.

Supreme Court properly granted the cross motion of Hartford for summary judgment declaring that there was no policy in effect between plaintiff and Hartford. Hartford established that it provided coverage as of the date requested by Boyle, and plaintiff failed to establish her right to reformation of the insurance policy by "clear, positive and convincing evidence" of a mutual mistake (*Gaylords Natl. Corp. v Arlen Realty & Dev. Corp.*, 112 AD2d 93, 96 [1985] [internal quotation marks deleted, emphasis deleted]). Nor is there any proof of an express or implied agency agreement between Boyle and Hartford such that the mistake admitted by Boyle's employee could be attributed to Hartford.

The court erred, however, in failing to grant plaintiff's motion to the extent that plaintiff sought summary judgment on the issue of negligence against Boyle. In her affidavit, Anne Boyle admitted that a mistake was made in transcribing the effective date of the policy, leaving plaintiff without insurance coverage at the time of the accident. That admission establishes negligence on the part of Boyle, entitling plaintiff to summary judgment on that issue. We therefore modify the judgment by granting that part of plaintiff's motion seeking summary judgment on the issue of negligence against Boyle. Present—Pigott, Jr., P.J., Green, Hurlbutt, Martoche and Hayes, JJ.